UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BEDIR A. PARLAR,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1654

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

**I.**      **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24.) In an Order entered on May 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the April 13, 2026, bond hearing on May 27, 2026, (Resp., ECF No. 4; Recording of Apr. 13, 2026,

Bond Hearing, filed on May 27, 2026), and Petitioner filed his reply on June 2, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner entered the United States in June 2022 through the J1 visitor visa program and remained in the United States after the 4-month visa expired. (Recording of Apr. 13, 2026, Bond Hearing, at 1:40–2:00, filed on May 27, 2026.) On an unknown date, ICE agents arrested Petitioner. (*See* Pet., ECF No. 1.)

On April 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Order, ECF No. 4-2, PageID.56.). In a written order, an immigration judge (IJ) with the Detroit Immigration Court denied Petitioner's bond request. (Bond Order, ECF No. 4-2, PageID.56.) In the written order, the IJ concluded that Petitioner "failed to meet his burden of demonstrating [Petitioner] is not a flight risk." (*Id*.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 15, 2026                    /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge