UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BEDIR A. PARLAR,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:26-cv-1654

Honorable Jane M. Beckering

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by

the United States Immigration and Customs Enforcement detained at the North Lake Processing

Center located in Balwin, Lake County, Michigan. In an Opinion and Judgment entered on June

15, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241, ordering Respondents "to provide Petitioner with an individualized bond

hearing before an immigration judge, at which time the government will have the burden to

demonstrate dangerousness or flight risk by clear and convincing evidence, within five business

days" or, "in the alternative, immediately release Petitioner from custody." (Op. & J., ECF Nos.

7, 8.) The Court further directed Respondents to file a status report within six business days of the

date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and

Judgment. (Op. & J., ECF Nos. 7, 8.) On June 24, 2026, Respondents filed a status report,

indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status

Report, ECF No. 9; Bond Order, ECF No. 9-1.) In the Immigration Judge's Order denying bond,

the Immigration Judge stated: "The government has met the burden of showing that the respondent is a flight risk by clear and convincing evidence." (Bond Order, ECF No. 9-1, PageID.82.)

Thereafter, on June 29, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 10.) In the motion to enforce judgment, Petitioner argues that although the burden was placed on the Department of Homeland of Security at the bond hearing, the Immigration Judge improperly denied Petitioner's request for a bond because the Immigration Judge made "findings that are categorically false, contradicted by both the Government's sole exhibit (the Form I-213) and Petitioner's unrebutted bond evidence." (*See id.*, PageID.84.) In light of this, Petitioner asks this Court to order his immediate release from custody. (*Id.*, PageID.89.)

In the motion to enforce judgment, Petitioner seeks to challenge the factual determinations made at the June 22, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's June 15, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where the Immigration Judge placed the burden on the Department of Homeland of Security to demonstrate Petitioner was a flight risk by clear and convincing evidence. (Bond Order, ECF No. 9-1.) Therefore, Petitioner's motion to enforce judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:        July 29, 2026                       /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

2